# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
County of New York

_____     Index  No. 100676/2023

Barbara Louis
                              Plaintiff,

          v.                                              COMPLAINT

Victor Niederhoffer

                              Defendant

_____

Preliminary Statement

During a period from 1974 through 1979, while the Plaintiff was employed at the

investment firm of Niederhoffer, Cross & Zeckhauser, Defendant Victor Niederhoffer,

Stockholder in the firm and the Plaintiff's boss, repeatedly sexually harassed, verbally

and sexually abused and with violence coercively raped the Plaintiff.  Since the New

York Administrative Code 10-1101, Victims of Gender Motivated Violence Protection

Law considers only violent physical coercion to constitute rape under this statute; we will

focus on the Defendant's violence and ability to commit violence communicated to the

Plaintiff and the rapes resulting there from.  The Plaintiff requests to file documents

manually and requests a jury trial.


Plaintiff, complaining of the Defendant, Pro Se, respectfully alleges:

1.  On April 5, 1974, the Defendant told the Plaintiff he had a gun.  A fellow employee,

who had been apprised of the whereabouts of the gun later showed the Plaintiff the

drawer in the Defendant's office where the gun was located, verifying that the Defendant

was telling the Plaintiff the truth when he claimed to have a gun.  This information was intimidating to the Plaintiff.

2   On the dates of 8/31/74 and 11/10 74, the Defendant told the Plaintiff about fights with his first wife which became violent, where the police were often called by neighbors.  The Defendant claimed to have 25 to 30 signed statements from his wife stating he could divorce her if she became violent again.  This suggests that there were at least 25-30 of these incidents.  Based on the Defendant's physical violence toward the Plaintiff, the Plaintiff deduced that the Defendant might also have engaged in violence during these incidents with his first wife.  If police reports from this time period can be obtained, this would shed light on this matter, as would testimony from the Defendant's first wife. The Defendant told the Plaintiff all the fights were over his sexual escapades or attempted sexual interactions with other women that his first wife learned about or suspected.

3.  On 10/16/75, the Defendant slammed the Plaintiff into a wall, for trying to avoid having sex with him, causing the Plaintiff to understand she had better comply with his demands for sex or face worse injury.

4.   On 9/11/76, the Defendant was in a fee dispute with a client whose business the Defendant had helped the client sell. The Defendant related his plan to the Plaintiff to kill the client, using the Plaintiff as an alibi while he snuck out the back door of the building where she resided.  If the Defendant was willing to kill a client over an approximately $100,000 disputed amount of fee on a deal, what might he do to the Plaintiff if she did not comply with his insatiable need for sex with her?

5.  On 4/6/79, the Defendant lunged at the Plaintiff as if planning to strike her.

6  On 4/7/79, the Defendant deliberately shoved the Plaintiff to the ground because she failed to say hello to his 3 ½ year old daughter who was playing nearby.  The child did not know the Plaintiff and whether the Plaintiff greeted her would not have mattered to her at all.

7.  The above facts do not in any way diminish the horror, humiliation and degradation the Plaintiff suffered from being forced to endure sex with the Defendant, a man for whom the Plaintiff had absolutely no sexual attraction or interest.  Nor does it exclude the many inappropriate sexual comments and attempts to lead business conversations into a sexual direction or context, the many instances of verbal abuse of the Plaintiff by the Defendant or the extreme coercive control the Defendant employed in addition to the violence to ensure the Plaintiff's compliance with his sexual demands.

WHEREFORE, under Code 10-1101, the Adult Survivor's Act, the Plaintiff requests the sum of $7 million for the inappropriate sexual comments, verbal abuse and rapes she suffered at the hands of the Plaintiff.


Dated: New York, New York
June 26, 2023

By: Barbara Louis
35 East 35th Street
New York, NY 10016
(347) 244-2477
Pro Se