UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BARBARA LOUIS,

                Plaintiff,

  -v-                                                 No. 23-CV-6470-LTS

VICTOR NIEDERHOFFER,

                Defendant.

-------------------------------------------------------------X

## MEMORANDUM ORDER

Barbara Louis ("Ms. Louis" or "Plaintiff") brings this pro se action against Victor Niederhoffer ("Mr. Niederhoffer" or "Defendant") pursuant to N.Y.C. ADMIN. CODE section 10-1101 et seq. (the "Gender-Motivated Violence Law" or "GMV Law") and N.Y.C. ADMIN. CODE section 10-1105 (the "Adult Survivors Act" or "ASA"). The Complaint describes disturbing conduct—including sexual harassment, sexual abuse, and rape—that Ms. Louis alleges occurred during her employment at Mr. Niederhoffer's investment firm between 1974 and 1979. (See docket entry no. 1-2 (the "Complaint" or "Compl.").) The Court has diversity jurisdiction of this action pursuant to 28 U.S.C. section 1332.

The case is before the Court on Mr. Niederhoffer's Motion to Dismiss the Complaint. (Docket entry no. 8 (the "Motion to Dismiss").) The Court has carefully considered the submissions of the parties in connection with the instant motion. For the following reasons, the Motion to Dismiss is granted.

## DISCUSSION

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A pro se complaint "must be construed liberally to raise the strongest arguments it suggests." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (citations omitted).

      Ms. Louis alleges that, from 1974 through 1979, Mr. Niederhoffer engaged in alarming conduct that violated the GMV Law. (Compl. at 1.) However, the GMV Law was not passed until 2000.¹ Breest v. Haggis, 180 A.D.3d 83, 85 (N.Y. App. Div. 1st Dep't 2019). As the New York Court of Appeals has made clear, "[r]etroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it." Gottwald v. Sebert, 40 N.Y.3d 240, 258 (N.Y. 2023) (citation omitted). This "deeply rooted presumption against retroactivity" is "based on elementary considerations of fairness." Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal, 35 N.Y.3d 332, 370 (N.Y. 2020) (citations and internal punctuation omitted). Applying this "fundamental canon of statutory construction," the only court to have considered the retroactive application of the GMV Law in this context² concluded that the law, "which creates a new

---

1      The GMV Law was passed "to resolve the difficulty that victims face in seeking court remedies by providing an officially sanctioned and legitimate cause of action for seeking redress for injuries resulting from gender-motivated violence." N.Y.C. ADMIN. CODE section 10-1102. In its declaration of legislative findings and intent, the New York City Council noted that, while the United States "[C]ongress in 1994 provided victims of gender-motivated violence with a cause of action in federal court through the [V]iolence [A]gainst [W]omen [A]ct (VAWA)[,]" in a May 15, 2000, decision, the United States Supreme Court "held that the [C]onstitution provided no basis for a federal cause of action by victims of gender-motivated violence against perpetrators of offenses committed against them either under the [C]ommerce [C]lause or the [E]qual [P]rotection [C]lause of the [F]ourteenth [A]mendment." Id. New York courts have relied on this language to conclude that "the City Council was clearly filling a gap left by VAWA's demise" when it passed the GMV Law. Breest, 180 A.D.3d at 93.

2      Cadiz-Jones v. Zambretti, No. 123772/00, 2002 N.Y. Misc. LEXIS 2043 (N.Y. Sup. Ct. Apr. 9, 2002), also considered the retroactivity of the GMV Law, but that case is not instructive here. "That decision is carefully tailored to the circumstances presented, involving a pending claim brought under the federal VAWA, within one year of the

substantive cause of action . . . and does not provide for retroactive or immediate effectiveness, is not the type of statute that would be given retroactive effect." Adams v. Jenkins, Index No. 115745/03, 2005 WL 6584554, at *1 (N.Y. Sup. Ct. Apr. 22, 2005) (citations omitted).  The fact that the GMV Law was amended in 2022—to reopen the statute of limitations for GMV Law claims for a two-year period running from six months after September 1, 2022, until two years and six months from that same date (N.Y.C. ADMIN. CODE section 10-1105(a))—does not alter this conclusion.  In Adams, the Court declined to give the GMV Law retroactive effect even though plaintiff's claims fell within the law's seven-year statute of limitations.  2005 WL 6584554, at *1.

      All of Ms. Louis's troubling allegations against Mr. Niederhoffer are based on events that allegedly occurred between 1974 and 1979, before the GMV Law was passed.  Because the Court cannot apply the GMV Law retroactively, the Complaint fails to state a claim upon which relief can be granted.  For the same reason, Ms. Louis is also denied leave to amend the Complaint.  See Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006) ("[L]eave to amend a complaint may be denied when amendment would be futile.").

---

alleged acts of gender-motivated violence." Adams, 2005 WL 6584554, at *1.  The Cadiz-Jones court also observed that "the extent to which the law should be applied to claims that were not pending when the VAWA was struck down [in 2000] is another matter." 2002 N.Y. Misc. LEXIS 2043, at *1.

<u>CONCLUSION</u>

For the foregoing reasons, the Motion to Dismiss the Complaint is granted. This Memorandum Order resolves docket entry no. 8. The Clerk of Court is respectfully directed to enter judgment dismissing the Complaint, mail a copy of this Order to Ms. Louis at the address below, and close the case.

SO ORDERED.

Dated: New York, New York
       December 19, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Mail to:

Barbara Louis
35 East 35th Street, 5D
New York, NY 10016